The next case today is Kevin M. Kelly v. United States. Appeal number 191932. Attorney Parsons, please reintroduce yourself on the record. Yes, Inga Parsons, appointed counsel for Mr. Kevin Kelly, the appellant in this case. Proceed. Thank you, Your Honors. May it please the court. Rule 7c provides very clearly, unequivocally, and unambiguously of the Federal Rules of an indictment must be signed by an attorney for the government. This case is about the integrity of the government and following their own rules, rules that propel a case forward. I liken this to situations where my clients, when they have to propel a case forward for an appeal, they must follow the rules. If they fail to follow the rules, this court lacks jurisdiction. This distinguishes this situation from, say, a defect in the citation of the record, or sort of non-jurisdictional defects. In fact, when I was looking through Rule 7 of the Federal Rules of Criminal Procedure, the legislature anticipated that there would be times when there are a dismissal. They do that in Rule 7c too. However, they do not say anything about not having the signature of an authorized. That's the critical point. The authority of the government was not invoked through the requirements of Rule 7c. That's why it has to be jurisdictional. The district judge wrote a very comprehensive set of opinions on this. He disagreed with you on the jurisdictional matter. Then he went on to say, in any event, this was a technical failure. The rest of the office clearly had approved this indictment. Jim Farmer had been the supervising attorney. That removed any concerns about defects in the indictment. Then he went on to rule that, in any event, there is absolutely no evidence that your client would have foregone a beneficial plea, which he did enter, had this information been available to him earlier. You're going to have to address both of those other arguments. Thank you, Your Honor. With respect to whether or not my client would have pled to an indictment that was not properly authorized, and with all due respect to Judge Wood, who is an excellent jurist, my client didn't have that opportunity because he didn't know about the defect in the indictment. I would never have a client plead guilty to a defective indictment. That only came about by virtue of the fact that, well after the case, it was discovered that Donald Cabell was not an authorized attorney. He wasn't even an attorney at the time due to the suspension. I disagree with the Court with respect to that. I'm sorry, Your Honor, the second point... In fact, this really just amounted to not a serious violation because the indictment had, in fact, been authorized and approved by another attorney, a supervisor in the office, and indeed, the plea agreement included a signature line for that other supervising attorney, albeit he did not apparently actually sign it. Thank you, Your Honor. What we have here is the rules and the notion of what the authority of the more likely if it was an oversight in terms of the signature, but the signature that you actually have on the indictment is not an authorized person, and I do think it is not dissimilar to if I fail to file a notice of appeal, my client, even if I meant to, even if he wanted me to, even if it was the right thing to do in the case, and it may have even been a winnable appeal, if I fail to do that... No, I suppose you filed the notice of appeal, but you just put your initials on and not your full name, or you forget to sign it. It's typed in, but you forget to sign it. Well, I think you would have to compare that with what 7c says, with what Appellate Rule 3 says. Appellate Rule 3 does not require the signature of the attorney, and in fact, the interesting thing about this statute is how imperative it is that it must be signed. It must be signed by the attorney, and the fact that they do consider that there can be sort of these Scrivener's errors, but we're talking about authority. We're talking about the government following their own rules and their own requirements that have been set by Congress, and Congress has said that this must happen. It doesn't say that it must be authorized by the government. It doesn't say that it must be certified by the government. It doesn't say that it needs to be adopted by the government. The language of that rule is specific to the signature of the attorney, and it... I'm sorry. Go ahead, Your Honor. Well, I guess I thought you were making, in your briefing, maybe two different... maybe a variant of this argument as well, which is that if, in this case, the AUSA had been an actual attorney at the time, hadn't been suspended, and had just failed to sign, that might be a different case than a case in which the absence of a signature also is combined with the absence of an attorney. So it's as if it's a blank indictment, and that's a somewhat different situation than a case in which there's just the technical failure to sign. That is correct, Your Honor. Okay, so there's two, and you highlight there's two different requirements in Rule 7, but I'm still stuck on what do we rely on to conclude that either requirement is a jurisdictional requirement, as opposed to a requirement that you can breach, and if you do, I suppose it just gets corrected by evidentiary findings that it was somehow satisfied otherwise, because there is a fairly substantial background, as you know, pre-Rule 7, treating it not as a jurisdictional requirement. Is there anything in the commentary or legislative history to Rule 7 itself that indicates that in adopting that rule, it was meant to be jurisdictional? You know, it's interesting because when you look at the Lane case, which was cited by the government that was also used in Easton, that was an 1890 case, which was, you know, many, many years before in 1944 when the legislative history came about. I did a brief search of that. I did not find anything that specifically said that it's jurisdictional. Do we know why they the reasoning in the history? It just seems like if we have a background rule that you don't have to have it, now Rule 7 says you have to have it. We just have a choice. Does that mean it's now jurisdictional or not? Well, it doesn't say it's jurisdictional. It doesn't say it isn't jurisdictional. If you read it to not be jurisdictional, I can see how you might say, well, then it makes Rule 7 kind of meaningless. On the other hand, it's a big deal to treat it as jurisdictional and not everything in the rules is jurisdictional. So, I mean, how do we resolve that? Right. And I agree. And I think that's part of why it came about. And like I said, I myself, when I first was assigned to this case, was surprised at how specific that it was a 1944 rule. It was after Lane, that there was some concern about sort of, and I guess perhaps maybe it was liking in it, in my mind, as this actually came about when I was preparing for this argument to this notice of when you start a case that you have, that there are specific requirements that, you know, maybe shouldn't be, shouldn't be the rule and sort of a general perspective, like, okay, so the defendant didn't file his notice of appeal on the 14th day or that he did it two days later because, you know, his lawyer was out of town or something like that. What's the prejudice to the government? You know, they can still, there's nothing, the clock would start to run. So why can't we do that? But, you know, there are certain sort of, I guess, introductory or, you know, when the starting gun starts that are considered very seriously. And it seems as though it's at least a fair inference that this is very important that it's because of the authority of that prosecutor to determine that attorney, who was not at the time, to determine that this case should go forward. If he affirmatively decides not to sign it, then it doesn't go forward. He has, he's not able to sign it because he doesn't have the authority to sign it. That's time. But the indictment is actually brought by the government through the U.S. attorney, which, through the U.S. attorney's office, which has a number of attorneys in it. It would seem to me if it were meant to be jurisdictional, it would have said so because surely here the evidence is conclusive that, in fact, a proper decision in all other respects was made to bring this prosecution by the United States, by the supervising attorneys. And it's only because of this regrettable problem, which apparently the signing lawyer did not realize at the time that we have this issue at all. It would seem that if this decision had been made before the signing of the indictment or if the U.S. attorney had signed on the indictment, that was one of the cases where that's, in fact, what happened, is that because the U.S. attorney had actually signed the indictment, then the defect was not jurisdictional or was not considered to be fatal. Here, you're having post hoc, a post, after the fact, determination whether or not the prosecution can go forward. But that's basically skipping over Rule 7c, that it has to be authorized by... Well, maybe one way to say that Rule 7 would matter, even if it wasn't jurisdictional, is if you could show prejudice from not having a signature. In other words, maybe you can't do post hoc proof if the timing of the proof mattered. But here you can't say that because of the plea. It's not the case that Rule 7 is meaningless if you don't treat it as jurisdictional, you treat it as procedural. It's not that you could always correct it if there was some reason why doubting whether it was an authorized thing or it started the clock too early or affected things. But there's no argument like that being made to us. It's purely a jurisdictional contention. Well, and I think if it had been something that could be corrected, it would have been in 7c2 that talked about if they failed to cite it properly or there are sort of Scribner's errors or sort of oversight errors. But that's not what we have here. We have a signature that's required, that's done by an unauthorized, not even a person who's not an attorney. And in that respect, it makes it different than, say, if you didn't put in the right statute or you put it in as 1926 instead of 1962, that it still would not deprive the court of jurisdiction or the ability to prosecute that case. No, no. He was still an attorney. But because he hadn't paid the bar dues or the registration, he was suspended and therefore he was not in good standing, right? And the rules require him to be in good standing. That's correct, Your Honor. And I slid through that too quickly. Yes, he was not an attorney allowed to be authorized to sign that indictment. Because he was not in good standing. Correct, correct. Okay. I'll keep my two minutes. Sure. My three minutes, I think it was. Okay, thank you. Okay. I'm sorry, Judge. I didn't have that. We had rebuttal time. I will give her two minutes rebuttal and we'll hear from her opponent now. Thank you, Judge. Attorney Parsons, you can please mute your device at this time. And Attorney Richardson. Okay. Hopefully you can see me better now, Your Honor. Yes. Now we can't see your mouth. There you are. Okay, that's better. Okay. If you could introduce yourself on the record, sir, before you begin. I will. Robert Richardson for the United States of America. And Your Honor, I'd like to follow up on several strands that were raised here. First of all, in no way, shape or form is this issue jurisdictional. Cotton, the Supreme Court in Cotton made clear that in modern day usage, jurisdiction refers to a court's subject matter jurisdiction over a case. In fact, it's interesting that both parties in their briefs in providing the jurisdictional basis for the case cited to the jurisdiction of district courts over criminal offenses against the United States or that can be prosecuted in courts of the United States. What do you think is the purpose of this rule? Well, I think probably the best summary of that is in the Seventh Circuit's decision in Wright, where the Seventh Circuit said the primary purpose served by affixing the U.S. attorney's signature to an indictment is to indicate that he joins with the grand jury in instituting a no criminal proceeding could be brought on the indictment. So that's really what the purpose of it is, is to make sure that it's really almost that you've got the correct party, that you've got somebody who has standing to bring a criminal case. And if you look at the cases such as the Providence Journal case in the Supreme Court, you know, from time to time there is sort of a loose use of the term jurisdiction. But in the Providence Journal case, basically what it was is that the special prosecutor, I think it was, who was seeking to litigate before the Supreme Court had not received the necessary authorization of the he was not really a proper party to appear before the Supreme Court. What do you make of C-2 calling out one of the things listed in C-1 as something that cannot result in dismissal unless you show prejudice? It does seem odd to call that out if you're reading a C-1 or Wright, because it would seem unnecessary to make that point. I don't read too much into it, Your Honor. Here, by the way, not only did the district court find that there was no prejudice, because... No, no, that's not what I'm, you know what I'm asking. I'm not making that point. I'm making the point that C-2 specifically, there's C-1 lists a bunch of things that the indictment has to have, one of which is a signature. C-2 then signals out some of the things listed in C-1 and says, you can't dismiss unless there's prejudice, but it doesn't signal out the signature. A normal inference of that is, well, then you can dismiss without prejudice if that requirement is not met. Why is that wrong? Well, I think one reason why it's wrong in this context, Your Honor, is we are here on a back in 2003 or whenever this prosecution was initiated, Mr. Kelly had brought a claim that the signature on the indictment was not of an attorney properly before the court. Perhaps he could have sought to have it dismissed on that basis. Oh, Mr. Richardson, I doubt very much the government wants to draw a distinction here between 2255s and direct appeals. Perhaps it is that the reason for C-2's specificity is that they wanted to make quite certain that you had to show prejudice as to the others, but no negative inference can be drawn. Now, as to the no prejudice, you heard your opponent say, I would never, had I been representing him, have allowed him to enter a guilty plea if I had known about this defect. She wasn't counsel at the time. She's just hypothesizing. What's your response to that? Well, the initial response, Your Honor, is that she does not have a certificate of appealability on that issue. Judge Wolf specifically found that that was not debatable. For better or for worse, that's what he found. He granted a certificate of appealability only on the issue of, really, only on the jurisdictional issue. Whether the fact that an attorney whose license had technically been suspended for administrative reasons, whether or not his signature on the indictment, I'm paraphrasing, but deprived the court of jurisdiction, which is what gets me back. Your Honor, just to get back to, just to answer your question from before, Judge Barron, I wasn't talking about direct appeal. I was talking about before the district court. I mean, the problem is, if you don't raise these things before the district court... How are you going to raise it? He didn't know about it. Well, no, he didn't, Your Honor, but I think that's what the rule is basically saying. For example, if there were no... I take the point, but then that does feed into the question Judge Barron's showing prejudice. In other words, if he knew at the time the person whose name is there is not an authorized attorney, well, why would you agree to the plea at that moment? You say, well, because we now know it was actually authorized, but that wasn't known at the time. So at the time, there would be no reason to. So who would sign on? Who would accept the indictment until you knew there was a U.S. attorney who was behind it? Why would you ever do that? Why would they ever do that if they knew it? Because you could call up Jim Farmer or Jim Lange or somebody to come down to the courtroom and say, hi, could you add your name to this indictment? Here we go. No question about the status of their law license and what do you want to do now? You know, ironically, it strikes me there. Another purpose could be served in change of administrations with change in policy and discretionary judgments about what could happen, whether to pursue a prosecution or not. It could be that one U.S. attorney would make a decision to prosecute, whereas another U.S. attorney in a new administration would make a decision not to. Of course, that is not the conundrum we have here. Let me just make a point. This has consumed a lot of trial time in the district court. It is now up on appeal. This should never have happened. What steps has the United States taken to be sure that this does not happen again? Among other things, at least once a year, everybody has to submit paperwork, including either a copy of the page from, in this case, the Supreme Judicial Court, indicating that we currently are in good standing, or the equivalent. That is basically what is being licensed. I happen to be licensed both in New York and Massachusetts. Once a year, I submit paperwork proving, basically, that I am in good standing and authorized to practice. I just have one last question on the prejudice inquiry. Maybe you are saying that that is not before us. How do we look at the prejudice question? At the time the indictment appears, you have to decide whether to plead to it. At that point, I guess I just do not quite know how to think about it. You have a situation where it is not an authorized attorney. If I had said I would not have signed it, and I would have just said to the U.S. Attorney's Office, there is nothing here for me to agree to, then the U.S. Attorney's Office would have to come down and say, I suppose, well, actually, we stand behind it and will now sign it. That would occur some moment after this indictment. Are we supposed to think about prejudice after it had been corrected? Are you supposed to think about prejudice from today? What temporally are we supposed to do? I think when you evaluate it, Your Honor, it is at the point where the defendant pleads guilty. You cannot divorce this from whether or not this is jurisdictional. As Tollett combined with Cotton and other Supreme Court cases indicates, you waive all jurisdictional issues that existed as of the time you stand up in open court and freely admit that you are guilty. Tollett, I think, is one of those cases which says that does not necessarily mean that you know everything at the time that you do that. There are certain things you do not know. In fact, Ruiz, it is a little bit different, but the Supreme Court held in Ruiz that you need not be informed of giglio, impeaching material, in order to enter an informed plea of guilty. It really is at the time the plea is entered. Judge Wolf, I would submit, supportably found that in this case, there was no prejudice and because he thought it was so clear, declined to grant a certificate of appealability. If you look at the defendant's notice of appeal, the notice of appeal is simply with respect to this one issue we have been talking about, but not on whether or not there was prejudice. In other words, you are saying that we do not even have to concern ourselves with prejudice because once he enters a plea, he has waived everything, including this? Everything that is non-jurisdictional. This is non-jurisdictional because jurisdiction deals with the subject matter of the court to hear cases and not with whether or not somebody violated Rule 7. You can see in the brief, case after case, including in the Fifth Circuit in Easton, which certainly followed the enactment of the rules in 1944, saying basically, we, in so many words, we kind of misspoke in Cox. It is not jurisdictional. It is non-jurisdictional. Well, suppose the U.S. Attorney's Office was set up in such a way that it did not have supervisors approving what the lower-level attorneys did and it was within the sole discretion of the one attorney who, as it turns out, was not licensed. What then? Well, that is, I mean, you are asking a complete hypothetical because in this case, we do and we did and that is what Judge Wolf found and there was no clear error in what he found. I think perhaps that is what Judge Wolf said from what you can tell. Is it still non-jurisdictional if that is the way the office is set up? That is the question. Well, there is sort of an outlier left out there. This Garcia-Andrade case, I would submit that that was wrongly decided, but the one thing that you did not have in Garcia-Andrade, which you do have here, is any indication that anybody other than the Assistant U.S. Attorney had decided on the prosecution. There was no indication that the U.S. Attorney or anybody in the supervisory chain had approved the indictment in that case. Unfortunately, it did not go up to the Ninth Circuit because the indictment ended up getting dismissed without prejudice, so I assume it was followed up with an indictment by somebody who did not have these issues and perhaps that AUSA since by the time the case was being decided by the District Court, I believe that AUSA had cleared up whatever issues she had with Virginia or West Virginia, whichever it was, and was authorized to participate. But that just gets back to, your Honor asked earlier, what the reason for the rule is and as I indicated, I think Wright is probably the best place to look for that. In answering Judge Thompson, are you saying that example would be jurisdictional or are you saying even in that example, it's not jurisdictional? I would submit even in that example, it's not jurisdictional. I think what it is, is an example. Just so I understand, your position is that if a person who is not able, is not in good standing, not a lawyer, was faking being a lawyer as an AUSA, were to put forward the indictment in his name or her name and there was no indication that anybody else in the U.S. Attorney's Office had approved it, the fact that the defendant pled would preclude that person from challenging the indictment? No, but I don't think it would be on the grounds that it was a jurisdictional defect. How could they challenge the indictment? Well, among other things, you can go to the U.S. Attorney and say, do you realize what this... No, no, no. Can you challenge it? Yes, on appeal. On appeal, can you... Well, I think frankly, that's sort of what was going on in the Providence Journal case, which I alluded to earlier, is in that case, they called it jurisdictional, but really what you had in the... Frankly, I think you'd probably deal with this in the trial. It was... What would be the challenge? What would be the specific challenge if you found out about the factual situation where just, let's just say the Executive Secretary in the U.S. Attorney's Office signed it and you didn't find out until you'd already entered the court. I think in Providence Journal, the issue was whether you really had an appropriate party in front of the court, whether the special prosecutor in that case really was the attorney for the United States, given that... Was there a plea in Providence Journal? Providence Journal actually had to do with a contempt proceeding, I believe. The question is whether when there's a plea, your position is it actually doesn't matter if Mr. Farmer was behind it. We shouldn't be looking at that question because it's not jurisdictional. He pled, game over. It doesn't matter if everybody in the office said, what a crazy indictment. Did you hear what that guy put up? You may have, Mr. Richardson, you may have overstated the case for the government. And one possible response is nothing on the facts of this case raises those hypotheticals, but the court would be warranted in taking account of that. I would like us to move on. Are there further questions? Yeah, there's one question on that one. I just wanted the government to answer this question. If it is there a narrower position with respect to jurisdiction, the government is advancing or not. That's you. You've asked us to take account of the fact that other people in the U.S. attorney's office authorized this indictment. And I'm now confused as to why you think that's relevant. Is that relevant because it's relevant to jurisdiction or is it not relevant to jurisdiction? I don't think it's relevant to subject matter jurisdiction or to the way the Supreme Court and this court, frankly, uses the term jurisdiction. It's relevant because in a number of these cases, not just Wright and not just the Seventh Circuit, but what the real concern is, is not with whether or not there is jurisdiction with a capital J, but rather whether. Just to follow the point, your position is that once you plea, it doesn't matter whether there's a proper party. So that's what's troubling me. And I think Judge Thompson. Well, yeah, and that's fine. And it's not jurisdictional. I would respectfully suggest that as Judge Lynch just suggested, we are dealing with a hypothetical that has nothing to do with this case. No, no, no, no, no, no. You're missing the point. Your position to our court is that a reason you win is because there's evidence that other members of the U.S. attorney's office approved it. And I'm not understanding how come that is relevant. On what theory is the government saying that's relevant? Your pure jurisdiction argument seems to make it irrelevant. Your point about the plea seems to make it irrelevant. So if you think it matters, it would be helpful for me to know since we have to write the opinion. How does it matter that there is evidence here that someone in the U.S. attorney's office approved this indictment? Because it is the U.S. attorney who has authority to bring criminal cases in behalf of the United States. And that is jurisdictional? No, I don't think it is jurisdictional, Your Honor. Is it waivable by appeal, by plea? And again, here's where I'm trying to be helpful, Your Honor. Were the U.S. attorney to find out that some random person, Chauncey Gardner or whoever it was that Peter Sellers played in that and it purports to be an assistant U.S. attorney and has a grand jury return an indictment? No, I don't doubt for a second that's true of your U.S. attorney. The worry would be if we had a problematic U.S. attorney and what protection there is against that. We're trying to design a rule for that, not for the good faith. You have no reason to doubt that what you're saying isn't true in any case involving your office. Also, the answer presupposes that someone finds out before he enters a plea, your answer. We're trying to figure out the plea is entered and now what? Right, and what I'm trying to suggest is, I'm not here talking about an assistant U.S. attorney, I'm talking about the U.S. attorney. Say I go rogue next week and go to the grand jury and neither Mr. Lelling, nor Mr. Hafer, nor my direct supervisor, nor anybody else knows what I'm doing and I get an indictment returned. Either Mr. Lelling, once he finds out that I have done that, is going to say, well, I adopt that. It's my decision. I'm the authority authorized to bring cases in behalf of the United States or he's going to go into court and say, this person had no authority to do this. I'm filing a dismissal. I mean, I think that's the question is, what if the defendant pleads and the defendant then comes into court and says, I don't know whether anybody stands behind this. Would it be a legally available argument to the government to say, we don't have to show you where anybody's behind it because he pled. That's what we're trying to figure out. And it sounds like you're saying, yes, that would be a legally acceptable answer. If it's not a legally acceptable answer, why is that? Because it's jurisdictional. Right. And I'm sorry, I'm sorry for not being helpful, but Cotton makes pretty clear that non-jurisdictional defects in an indictment are not cognizable if somebody pleads guilty. That's what Cotton says. You know, your argument proceeds in different stages. And I'm not certain the final stage in reliance on Cotton is necessary to resolve this case. But I think it is probably time, unless my colleagues have further questions, to hear your opponent's rebuttal. So we'll move on, please. Thank you, Mr. Richardson. Please mute your device at this time. And Attorney Parsons, if you could just reintroduce yourself on the record. Thank you. Inga Parsons on behalf of Kevin Kelly. Easton is an interesting case that was just brought up by the government because in that case, the AUSA who signed the indictment was acting under a proper U.S. attorney and who was later recused. And I think if you get down to the notion of what do we mean by authority with respect to pursuing something like the authority to have the court have jurisdiction when my client files a notice of appeal, that responsibility should be on the government. The government should have the responsibility to ensure that whoever they are authorizing has that authority. And in the absence of that authority, it's not just a defect in the indictment like the 7C2 issues are. It's a defect in the ability of the court to hear the case because it lacks the jurisdiction. I really do think that's why 7C1 is so emphatic is because of that. We're not talking about a, I think if I recall, Cotton was the, they missed an element, and they said that because he had in fact pled to it, it didn't make a difference, which is what happens in C2 under 7C2. So that to me resolves a lot of these other cases that talk about authority because it's beyond just the face of what charges the notice of the charges. It comes down to the authority of the U.S. attorney to institute the proceeding. I'm sorry, are you saying that authority is relevant or it isn't relevant on a record that the supervisor in fact approved this indictment on behalf of the U.S. attorney's office? Yeah, that's authority after the fact. They have to have authority at the time the government that if they have... I'm sorry, at the time the indictment was signed, we learned after the fact that it had the full authority of the U.S. attorney's office, and we're only going to know after the fact because nobody realized this problem at the time. We realized they adopted, they approved afterwards, but the signature was at the time of the indictment when... Okay, I understand your argument. That's my point. Thank you. That's my point. Okay, thank you. That's time. Okay, thank you. Thank you, your honors. Thank you, counsel.